**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

LEANNA VEGA,

                **Plaintiff,**

-vs-                                                 Case No. 6:08-cv-2184-Orl-28KRS

KISSIMMEE POPCORN COMPANY,
INC., BYRON SUTTON,

                **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF SETTLEMENT (Doc. No. 10)** |
| **FILED:** | **February 3, 2009** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

    This case was brought under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq*.

    In their Joint Motion, the parties[1] represent they have reached a settlement agreement and seek court approval of that agreement. In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350,

---

[1] Defendant Byron Sutton filed an answer to the complaint on behalf of himself and Defendant Kissimmee Popcorn Company, Inc. There is no indication that Defendant Sutton is an attorney admitted to the bar of this Court. Therefore, he cannot answer the complaint on behalf of Defendant Kissimmee Popcorn Company. Because the parties have now settled their dispute and seek approval of their settlement, the issue of whether Sutton's answer was effective for Kissimmee Popcorn Company is moot.

1352-55 (11th Cir. 1982), the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id.* at 1353.

Plaintiff Vega alleges she was due back wages for the final two weeks of her employment by Defendant Kissimmee Popcorn Company, Doc. No. 10 at 2. The parties represent that Defendants have agreed to pay Vega all of her claimed FLSA wages. *Id.* Because Vega will recover the full amount of FLSA compensation arguably due to her, the settlement is necessarily a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1354. The parties also represent that counsel for Plaintiffs will not seek attorney's fees, and Defendants have agreed to pay $450.00 in costs.

The Court ordered the parties to confer after learning from Defendant Sutton's response, Doc. No. 8, that Vega's paycheck was waiting for her to pick it up, and had been for some time. Doc. No. 9. While Vega's attorney, Carlos V. Leach, avers he "did conduct an investigation . . . prior to the filing of this lawsuit which included, but was not limited to, speaking with more than one witness," *id.* at 3-4, it is evident from Sutton's answer that Attorney Leach did not contact Defendant as part of the investigation. Had he done so, it appears that this lawsuit would not have been required; Vega simply needed to pick up her paycheck.

Under these circumstances, counsel for Plaintiff clearly did not fulfill his obligation under Fed. R. Civ. P. 11 to conduct a reasonable inquiry of the facts before filing this case. Such a reasonable inquiry should include, at a minimum, pre-suit contact with the employer, as this Court has noted on several previous occasions. *See, e.g.*, *Brown v. M/I Homes of Orlando, LLC*, No. 6:08-cv-528-Orl-

28KRS, Doc. No. 23 (M.D. Fla. Nov. 26, 2008) (issuing an Order to Show Cause for failure to conduct a reasonable pre-suit inquiry). Attorney Leach filed this case on Vega's behalf on December 30, 2008, more than a month after the Court issued its show cause order in *Brown*.[2]

Accordingly, I recommend that the Court do the following:

1. **FIND** that the compensation Plaintiff Vega will receive pursuant to the Settlement Agreement is a fair resolution of a bona fide dispute under the FLSA *provided that* Vega recovers the full amount of wages for her last two weeks of employment without any deduction for attorney's fees, expenses or costs, whether by virtue of a fee agreement between Vega and her counsel or otherwise;

2. **PROHIBIT** Attorney Leach and his law firm from collecting any attorneys' fees, costs or expenses from Plaintiff Vega by deduction from the settlement amount or other means;

3. **DIRECT** Attorney Leach to file a certification showing the final distribution of settlement funds to Vega;

4. **DECLINE** to reserve jurisdiction to enforce the settlement agreement;

---

[2] H. Scott Bates, the managing partner at Attorney Leach's firm, represented to the Court in a report filed on January 9, 2009, that the firm now sends a "pre-suit certified 10 day request for personnel and payroll records" to prospective defendants. *In re FLSA Cases*, No. 6:08-mc-49-31GJK, Doc. No. 39 at 5.

5. **ISSUE** an order to show cause to Attorney Leach why he should not be sanctioned for failing to conduct a reasonable inquiry of the facts as required by Fed. R. Civ. P. 11 before filing suit in this Court[3];

6. Following entry of an order on this Report and Recommendation, **DISMISS** the case with prejudice as to all parties, and **DIRECT** the Clerk of Court to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 6, 2009.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

---

[3] I recommend, at a minimum, that the Court sanction Attorney Leach in the amount of $450.00, and require him to return that amount to Defendants.